CITY CENTER OF MUSIC AND DRAMA, INC., Landlord, v. MECCA TEMPLE CASINO, INC., Tenant.

Municipal Court of the City of New York, Borough of Manhattan, November 1, 1950,

*Richard H. McCann* and *Robert M. Morgenthau* for landlord.

*Gilbert Goldstein* for tenant.

MATTEO, J.  By this holdover proceeding the landlord seeks a final order awarding possession to it of the basement and two small offices in the building known as 131 West 55th Street, New York City.  This space is used and occupied by the tenant as a restaurant, ballroom, bar, checkroom and lounge.  It appears from all of the testimony adduced on the trial herein that the landlord, a nonprofit membership corporation, leased the entire premises from the City of New York for a term of five years commencing August 1, 1945, which lease was thereafter renewed on August 1, 1950.  The tenant in this proceeding had been in continuous possession of the space which the landlord seeks since 1934.

The space so occupied by this tenant had been subleased to the tenant by lease dated May 12, 1947, which lease was for a period of one year terminating on June 30, 1948.  The tenant herein has been in possession of the demised premises as a statutory tenant since the termination of this sublease on June 30, 1948.  Written notice to the tenant herein was served upon it to vacate the premises.  Failing to do this, the landlord instituted this proceeding claiming that the subleased space is being used by the tenant " as a place of public assembly " as defined by the Business Rent Law (L. 1945, ch. 314, § 2, as amd.).

It is the landlord's contention that the space occupied by the tenant is expressly exempted from the protection of the statute.  The tenant on the other hand claims that the landlord's petition is insufficient to confer jurisdiction upon this court in view of the fact that the use made of the premises by the tenant falls within the provisions of section 2 and as the landlord has failed to prove that it had an equity in the property of not less than 25% of the purchase price and an interest of not less than 50% of the whole investment in the business which it proposes to carry on in such space, or acquired an enforcible right to take possession of the entire building or other rentable area by reason of the fact that it had a lease for a term of at least ten years.

Concededly the landlord herein does not possess a lease for a term of ten years as its lease is for a period of five years commencing on August 1, 1950, and terminating five years from that date.

This proceeding therefore resolves itself around the interpretation of the term " place of public assembly " as used in the Business Rent Law. Section 2 of the Business Rent Law reads as follows:

" Unless expressly otherwise provided, whenever used in this act, the following terms shall mean or include:

" (a) ' Business space.' All rental space in any city other than (1) commercial space as defined in chapter three of the laws of nineteen hundred forty-five, or any act amendatory thereof; (2) dwelling space and meeting rooms in hotels, and dwelling space in rooming houses, apartment houses, dwelling and other housing accomodations; (3) piers, docks and wharf properties; and (4) places of public assembly.

" (b) 'Place of public assembly.' A theatre, motion picture house or theatre, sports arena or stadium, meeting room or exhibition hall.''

The words " meeting room " were added to this particular subdivision of the above section by chapter 535 of the Laws of 1949, effective April 11, 1949. During the course of the trial the court permitted the landlord to produce testimony as to the purpose to which the space had been put for a period commencing September 28, 1947, up to the present time. The tenant strenuously urged upon this court that all testimony regarding the use of the premises as a meeting room up to April 11, 1949, should have been excluded, claiming the words " meeting room " had been made effective as of April 11, 1949, and therefore this proceeding could not be predicated upon the use made of the space as a meeting room prior to such date.

In addition the tenant likewise contended that the landlord's petition was defective in view of the fact that it had failed to allege that the space occupied by the tenant was used as a place of public assembly within the meaning of the quoted subdivision.

The court is, however, determining the issues presented in this proceeding on the merits of the controversy and is disregarding the various technical objections raised by the tenant.

From all of the evidence adduced upon the trial herein it is the court's opinion that the premises occupied by the tenant have been used by the tenant during the last three years for dances, dinners, political and union meetings, State board examinations for doctors, certified public accountants and others. There have been a total of eleven meetings conducted from April 11, 1949, up to the date of trial so that over a period of one and one-half years the percentage approximates 2% of the total number of

functions conducted in the demised premises. Over the period of the past three and one-half years this percentage would amount to about twenty eight occasions or 6.5%.

It is the court's opinion that unless space occupied and used by the tenant falls within the precise definition of a place of public assembly as defined by the Business Rent Law, ouster of the tenant will not be permitted. This conclusion is based upon the fact that the premises of the tenant are not customarily or habitually used as a meeting room within the term and meaning of the statute. The Business Rent Law prohibits the removal of a tenant from business space notwithstanding that such tenant has no lease or that his lease has expired, so long as the tenant pays the emergency rent and is not otherwise in default in the performance of the material terms of the expired lease on the tenant's part to be performed.

In the instant proceeding the landlord has failed to convince the court by a fair preponderance of the evidence that the premises of the tenant are used by it as a place of public assembly within the meaning and definition of the statute.

The cases interpretating the term ''place of public assembly'' are few. In the case of *Playland Holding Corp. v. Nunley* (270 App. Div. 910), the Appellate Division, Second Department, held that the provisions of the Business Rent Law applied to a penny arcade at an amusement park and accordingly such a business did not constitute a place of public assembly within the meaning of the statute.

The Appellate Division of the first department passed upon this question in the comparatively recent decision in the action entitled *1481 Broadway Corp. v. Maiden Lane Ballroom* (277 App. Div. 870). In that proceeding the landlord sought to recover possession of premises that were used and occupied by the tenant as a ballroom upon the ground that such a use rendered the premises a place of public assembly within the meaning of the statute. In that case the landlord's petition specifically recited that chapters 3 and 315 of the Laws of 1945, as amended, did not apply to the demised premises as the same were not being used as business or commercial space within the provisions and definitions of the said law. The Appellate Division in affirming the decision of Mr. Justice Di Pirro and the Appellate Term, held as follows: '' Determination of the Appellate Term unanimously affirmed, with costs to the respondent. Apart from other considerations, our conclusion to affirm is strengthened by the fact that in 1949 (L. 1949, ch. 535) the Legislature amended subdivision (b) of section 2 of the Business

Rent Law so as to include in the definition of " place of public assembly " the words " meeting room ", thereby indicating that it desired to retain the strict limitations of what constituted places of public assembly. It follows, therefore, that unless the space occupied by a tenant falls within the precise definitions of what is a place of public assembly the emergency rent law is applicable."

Under this interpretation, unless the landlord establishes that the space occupied and used by the tenant falls within the precise definition of a " place of public assembly " as defined by the Business Rent Law, the ouster of the tenant cannot be accomplished.

In this proceeding the landlord has definitely failed to prove that the space occupied and used by the tenant has been customarily used as a " place of public assembly " thus exempting the premises from the protection of the statute.

Based upon this interpretation it follows that the landlord's petition must be dismissed upon the merits.